UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FRANK WILLIAM BECKENDORF, III** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1477** |
| **DANIEL FLEISCHMAN** | **SECTION "F"(4)** |

REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

I.    Factual and Procedural Background

Plaintiff Frank William Beckendorf, III ("Beckendorf") is an inmate housed in the St. Tammany Parish Jail in Covington, Louisiana.[1] Beckendorf initially filed this civil action on the form reserved for habeas petitions brought under 28 U.S.C. § 2241. ECF No. 3. Broadly construing his claims, Beckendorf alleged that he attempted to contact his parole officer to complain about the conditions of his confinement at the St. Tammany Parish jail, including the lack of legal assistance, high levels of noise and constant lighting, lack of mattresses, limited bathroom access, inadequate law library detention, inadequate COVID-19 protocols, and inadequate medical care for his hypertension. As relief, Beckendorf also sought his release pending trial and other injunctive relief to prevent retaliation against him and to correct the conditions.

---

[1] ECF No. 3.

On August 26, 2021, the District Judge construed the complaint as a non-habeas civil rights complaint asserting claims for relief pursuant to 42 U.S.C. § 1983. ECF No. 4. The Court instructed the undersigned Magistrate Judge to determine the adequacy of Beckendorf's filing fee to proceed with this civil case. *Id*. at 3.

Specifically, Beckendorf submitted a $5.00 payment to the Clerk of Court shortly after filing his original complaint. *See* Docket Entry, 8/19/21 (receipt of the fee). The payment, however, was insufficient to meet plaintiff's fee obligation for filing a non-habeas civil complaint. Instead, for a non-habeas civil filing, Beckendorf should have paid the required the $350.00 filing fee and $52.00 administrative fee, for a total fee of $402.00, at the time of the filing of the complaint. Otherwise, Beckendorf would have been required to seek pauper status, which he did not do. Thus, when the case was converted, Beckendorf owed the Clerk's office $397.00 to continue with his suit.

On August 27, 2021, the undersigned Magistrate Judge issued an order directing that Beckendorf either pay the $397.00 balance owed to the Clerk of Court's Office or file a properly completed and certified pauper application by September 27, 2021. ECF No. 5. The Court noted in the Order that, should he be granted pauper status, the original $5.00 payment would be considered in the calculation and assessment of the initial partial filing fee mandated by 28 U.S.C. § 1915. *Id*., n.2, at 1. The Order also advised Beckendorf that the failure by the deadline to either pay the balance of the fee or submit the pauper application would result in the recommendation that his case be dismissed for failure to prosecute. *Id*. at 2.

The Clerk of Court mailed the Order to Beckendorf at his address of record. The envelope has not been returned as undeliverable. Beckendorf did not respond to the Court's Order or otherwise contact the Clerk's office about this case.

**II.     Standard of Review under Fed. R. Civ. P. 41(b)**

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court.  A Rule 41(b) dismissal is considered an adjudication on the merits. Fed. R. Civ. P. 41(b).  In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order.  *See*, *e.g.*, *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706, 708-09 (5th Cir. 1976).

In this case, Beckendorf is without counsel and is responsible for the prosecution of his case.  A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law.  *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Beard v. Experian Information Solutions Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007).  A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of "more than mere ignorance."  *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.1988) (quotation omitted); *Birl*, 660 F.2d at 593.

**III.    Analysis**

As noted above, Beckendorf has not paid the balance owed on the filing fee or filed a request for leave to proceed *in forma pauperis*.  He simply has not responded to the Court's direct order that he do so.  His failure to respond to the order, pay the required fee, or apply for pauper status demonstrates his disregard for rules of this court and the steps required to properly file and prosecute this case.  Beckendorf has filed three other suits in this court for which he either

submitted the proper documents or responded to and corrected similar deficiencies.² Based on the clear instructions provided in the order, Beckendorf cannot claim ignorance of the requirements for properly filing federal civil rights suits in this Court.

For these reasons, Beckendorf's § 1983 complaint should be dismissed with prejudice under Fed. R. Civ. P. 41(b) for his failure to prosecute.

## IV. Recommendation

It is therefore **RECOMMENDED** that Beckendorf's § 1983 complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).³

New Orleans, Louisiana, this 27th day of October, 2021.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

² *See*, *e.g.*, Civ. Actions 21-1357"T"(5), 21-1700"I"(4), and 21-1862"I"(2). The first of these listed cases contains almost identical § 1983 claims against Warden Fleischman and other St. Tammany Jail officials.

³*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.